SPERRY & NILES, plaintiffs in error, *vs.* CAROLINE E. HASLAM, defendant in error.

1. The right to reduce to possession the distributive share of a wife in the estate of her father, who died before the act of 1866, was a vested right in the husband, and if he reduced the same to his possession, as his own estate, after the act of 1866, it became his property, and was subject to his debts; if he reduced it to his possession for her, and as her estate, after said act, and, in consideration of having used it as her property, conveyed to her a tract of land in lieu thereof, the title to the said land is in her, and his creditors cannot condemn the same for his debts.

2. A charge of the court, therefore, to the effect "that if the jury believed from the evidence that George S. Haslam, senior, received from the administrator of his wife's father, after the 13th of December, 1868, any money or notes, that it was her money and not his; and that if in payment of said debt he sold land to her before the judgment of plaintiff in *fi. fa.*, she got a good title, and the property is not subject; that the whole question turns

upon the time he received the money or notes from the estate of his wife's father—if before the 13th of December, 1866, it was his; if after that, it was hers," is too broad, the question being, in the judgment of this court, in what capacity or character did he receive the distributive share—if as his own, then he reduced it to possession for himself, and the fund so received would not support the deed against creditors; but if he received it as her property, then it would be a valuable consideration to support his deed for the land to her.

3. There is some evidence in the record to show that the husband did collect the wife's distributive share for her, and did so use it for her until he made the deed to her to the land in dispute, in consideration of the debt he owed her for it, and as it is not contradicted, we would be inclined to let the verdict stand, notwithstanding the charge, but for the fact that the record discloses, from a recital in the *fi. fa.*, that though the *fi. fa.* was issued in 1875, the judgment was obtained in 1870, three years before the deed from the husband to his wife. Though this recital may be a mistake, yet it is not contradicted, and no diminution of the record was suggested therefore a new trial is ordered, when the principle above indicated will be applied.

Husband and wife. Title. Levy and sale. Before Judge Hill. Houston Superior Court. May Term, 1876.

Reported in the opinion.

R. F. Lyon; C. C. Duncan; W. H. Reese, for plaintiffs in error.

Warren & Grice; W. S. Wallace, for defendant.

Jackson, Judge.

Sperry & Niles sued out a *fi. fa.*, issued in 1875, upon a judgment obtained in 1870, (?) as the *fi. fa.* recites, and levied it upon a tract of land of defendant, George S. Haslam, Sr.; the land was claimed by Mrs. Haslam, under a deed made in 1873; the jury found the land not subject under the charge of the court, to which charge plaintiffs excepted, and assign the same as error here. The charge was "that if the jury believe from the evidence, that George S. Haslam, Sr., received from the administrator of his wife's father, after the 13th of December, 1866, any money or notes, that it was her money and not his; and that if, in payment of said debt, he sold land to

her before the judgment of plaintiff in *fi. fa.*, she got a good title, and the property is not subject. The whole question turns upon the time he received the money or notes from the estate of his wife's father; if before the 13th December, 1866, it was his; if after that, it was hers."

1. The 13th of December, 1866, is the date of our act vesting all property inherited by the wife as her separate estate; and the idea of the court below evidently was, that the husband had no right vested in him to the wife's inheritance before that act, until it was reduced to possession by him; and hence, if not reduced to possession before the 13th of December, 1866, that act gave it to the wife, and did not conflict with the constitutional provision in respect to interference by legislation with *vested rights.* But we think that the right of the husband to reduce to possession such an estate inherited by the wife, was a vested right, and it was so distinctly ruled by the court of appeals of New York, in the case of Westervelt *vs.* Gregg, 2 Kernan, 202. Moreover, it was held by our own court, in 25 *Georgia Reports,* 622, that the right of the husband, though he had not reduced it to possession before death, if he survived the wife, descended to his heirs, who would take in preference to the wife's heirs.

2. We think, therefore, that this charge of the court below was too broad; and that if the husband had reduced the property to possession, as *his own property,* though after the act of 1866, it would have been his and not hers, and that he could not have turned over to her his land, in consideration of its being hers, so as to defeat his creditors; but there is some evidence in the record that he reduced this distributive share to possession, not for himself, but for her; and held and used it as her property, not his own. The true question in the case, it appears to us, is raised on this state of facts; or rather, this hint of the facts, for they are not distinctly sworn to. Did the husband, as agent for his wife, get this property from the administrator of her father, and use it as hers? If so, it was hers, and it would support her deed, if made before judgment; but if he got it as his own, and re-

duced it to possession for himself, and thus asserted his marital rights, the whole title to it vested in him, and he could not convey his land to her for any such consideration, to the injury of any creditor of his at the time.   Indeed, in 24 *Georgia Reports,* 631, it was ruled that if a husband so received from an administrator, the estate of his wife, and made her a conveyance thereto, that the title to her was perfect, on the principle that a court of equity would have forced a settlement by the husband, upon her, and that the parties could do, *without a law suit,* whatever they would be made to do *at the end of it.*   Equity, especially, always considers that done which ought to be done, and would not be guilty of the absurdity of forcing people to *litigate and expend money to have done what they were willing voluntarily to do.*

3. Inasmuch as there is some evidence to show that this was done in this case ; that the husband got the money, which was the consideration of the deed, for his wife, and so used it, notwithstanding the wide charge of the judge, we should be inclined to let this verdict stand, but for the fact that the copy *fi. fa.* in the record shows the date of the judgment 1870, three years before the deed of Haslam to his wife, and that the lien of the judgment had attached before the deed had been made to the wife, and that however valuable the consideration for it, it conveyed no title to her against this older judgment.   This may be an error in the transcript of the record, as the *fi. fa.* is dated in 1875 ; but as it recites that the judgment was rendered in 1870, and there is no diminution of the record suggested, or any contradictory evidence, we must reverse the judgment and order a new trial, especially as the court charged the law wrong on the main point, and on another trial there may be conflicting evidence on the point on which we put the case.

Judgment reversed.