## DYKES *vs.* WOOLSEY *et al.*

Where the sum claimed, including principal and interest, exceeds fifty dollars, there may be an appeal from a justice court to the superior court.

Appeals. Jurisdiction. Justice Courts. Before Judge

BUCHANAN. Fayette Superior Court. November Term, 1878.

Executions in favor of Dykes against W. Martin, J. Martin and W. J. Gay, security, were levied on certain realty as the property of Gay. Woolsey et al. claimed. The case was submitted to the court without a jury. He found in favor of claimants, and plaintiff excepted. For the other facts, see the decision.

J. L. BLALOCK; J. T. SPENCE; L. H. FEATHERSTON, for plaintiff in error, cited Code, §§5104, 3610, 4157, 4141; 46 Ga., 486; 58 Ib., 77; 53 Ib., 568; 54 Ib., 121; 50 Ib., 601; 51 Ib., 194; acts 1876, p. 37; 2 Tomlin's L. Dic., 247; 1 Bouv. L. Dic., 733; 6 Ga., 303; 1 Kelly, 469; Code, §§3570, 3460; 4 Ga., 47-48; 58 Ib., 78.

SPEER & STEWART; H. C. PEEPLES, for defendants, cited Code, §§3610, 4157; acts 1872, p. 40; 46 Ga., 41; 50 Ib., 603; 54 Ib., 121, 665-666; 1 Wallace, 337; 1 U. S., 304.

WARNER, Chief Justice.

This was a claim case, which, by consent, was submitted to the decision of the court without the intervention of a jury upon the following agreed statement of facts, to-wit:

"Plaintiff brought suit against the defendants in the 1134th district, G. M., of Campbell county, on seven promissory notes, six of them for fifty dollars, principal, and one for thirty dollars, principal, which causes were heard before Andrew Smith, J. P., on the 7th March, 1861, and judgments entered up against defendants for principal, interest and cost, no defense being made by defendants thereto. Fi. fas. were issued from said judgments on the 26th May, 1874, and were levied by Larkin D. Lee, constable of Fayette county, on the south half of lot of land No. 215, in the 4th district of Fayette county, as the prop-

erty of defendant, W. J. Gay, security, on the 9th June, 1874. Upon said levies being made, Gay filed an affidavit of illegality upon the ground that he had never been served with any summons to attend court in said cases, and that he had never acknowledged service by himself, or authorized any one to do so for him, and that he had never had his day in court. 2d. Because the judgments on which said *fi. fas.* were issued were dormant. This illegality was filed on the 9th June, 1874, and heard on the 13th July, 1874, and a decision was rendered against said illegality, ordering said *fi. fas.* to proceed. On the 17th July, 1874, Gay entered an appeal from said decision on said illegality to the superior court of Campbell county. It was agreed in writing between the parties that an appeal should be entered in one case, and the decision on the appeal of that case to govern the rest of the cases. When said case came on to be heard in the superior court of Campbell county, at the August Term, 1874, the same was tried and determined in said court, and a verdict obtained in favor of said Gay sustaining said illegality, which verdict stands in said court unreversed.

"It is further agreed that at the time when Gay entered an appeal in said cases, the principal and interest on each of said cases, when added together, amounted to more than fifty dollars; that after the decision of the superior court had been obtained, plaintiff in *fi. fa.* caused said original levy to be advertised; the land levied on in the meantime having been sold to J. G. Woolsey, he interposed a claim to the same.

"It is further agreed that the date of the justice court judgments aforementioned (1861) is prior to the date of the title from Gay to Woolsey; and also that the title to said land levied on was, at the rendition of said judgments, and for several years subsequent thereto, in said Gay and in his possession, Gay selling to Woolsey on the — day of —, 187–.

"It is insisted by the claimant that by the appeal from the justice to the superior court, and by the decision of

Dykes *vs.* Woolsey *et al.*

the superior court therein, there is no judgment in favor of the plaintiff against the defendant, Gay.

"It is insisted by the plaintiff in *fi. fa.* that the appeal from the justice to the superior court was illegal and void, because the principal sum involved in each of said cases did not exceed fifty dollars, and that the verdict and judgment in said superior court is void for want of jurisdiction, and that the original judgments in the justice court are valid and subsisting."

After hearing the argument of counsel, the court decided that the *fi. fa.* of the plaintiff as to the defendant, Gay, was invalid, and that the levy on the land claimed be dismissed, whereupon the plaintiff in *fi. fa.* excepted.

The only question urged on the argument here, was the validity of the appeal from the justice court to the superior court. It was agreed that the principal and interest in each of the cases, when added together, amounted to more than fifty dollars. The constitution of 1868 declares that justices of the peace shall have jurisdiction in all civil cases where the principal sum claimed does not exceed one hundred dollars, but in cases where the sum claimed is more than fifty dollars, there may be an appeal to the superior court. In defining the jurisdiction, it is the *principal* sum claimed, but in defining the cases in which there may be an appeal to the superior court, it is where the sum claimed is *more* than fifty dollars, whether that sum is made up of principal and interest, or otherwise. The plaintiff in the case before us claimed the interest due on the *fi. fas.* as well as the principal, and, when added together, made the sum claimed more than fifty dollars, according to the letter of the constitution of 1868; and therefore the appeal in each of the cases from the justice court to the superior court was properly allowed.

Let the judgment of the court below be affirmed.